IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LANA TURNER,

               Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

1:12-cv-2680-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (the "Motion") [18].

On June 19, 2013, the Court issued an order reversing and remanding the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) for further proceedings [16]. On August 2, 2013, Plaintiff, through her counsel, filed the Motion seeking an attorney's fee award.

## I.      DISCUSSION

The EAJA provides that a court "shall" award costs and attorney's fees to a party who prevails against the United States in a non-tort civil action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A party who obtains a sentence-four remand reversing the Commissioner's denial of benefits is a prevailing party for purposes of the EAJA.  <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993).

Plaintiff seeks an award of attorney's fees in the amount of $7,757.15, representing $7,454.12 for 43.2 hours of legal services at the rate of $172.55 per hour, $15.00 for costs to serve the summons and complaint, and $288.00 for 3.6 [1] hours of "administrative work" at the rate of $80.00 per hour [18 at 1, 20 at 5]. The Commission objects to an award of attorney's fees in the amount claimed.

---

[1]   Plaintiff claimed 3.8 hours in the Motion.  The hours recorded are 3.6, not 3.8. The Court notes that the motions for reimbursement of attorney's fees from this Plaintiff's firm are cut and pasted from past motions, do not observe past rulings by this Court denying reimbursement of certain costs, include arguments made in past cases that are not asserted in the case in which the reimbursement request is filed and otherwise supports that the filing firm processes these cases as commody-like litigation in which past work provided is used to provide content for current filings.

The Commissioner specifically opposes the Motion on the grounds that: (1) Plaintiff should not receive attorney's fees for hours spent on clerical tasks and; (2) the total hours expended were unreasonable [19].

A.   Reasonableness of Hours Expended

The EAJA provides for recovery of "reasonable attorney's fees."  28 U.S.C. § 2412(d)(2)(A).  Plaintiff bears the burden of showing that the hours requested are reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  Reasonable hours are billable hours.  See Perkins v. Mobile Hous. Bd., 847 F.2d 735, 738 (11th Cir. 1988).

The Commissioner contends that Plaintiff's counsel's expenditure of 43.2 hours for reviewing the administrative record, conducting legal research, and drafting Plaintiff's initial and reply briefs and 3.6 hours for "Administrative Services," is not reasonable.  Specifically, the Commissioner argues that the 43.2 hours spent for the pleadings filed exceeds the amount that is reasonable for the legal services required and actually rendered.  The Commissioner observes that Plaintiff's counsel spent 6.1 hours reviewing and editing a 25-page brief after 23.9 hours had already been spent preparing and drafting the brief.  The Commissioner requests the Court exclude 4.1 hours from the hours expended on the initial brief, reducing Plaintiff's EAJA award by $707.45.  The Court believes, based on its

3

practice experience and experience reviewing fee applications in the past,

including applications for reimbursement of fees in social security cases, that the

time incurred to perform these routine legal services is excessive and further finds

that 36 hours is the number of hours reasonably necessary to perform the tasks

reflected in counsel's billing statements.[2]

B.   EAJA Hourly Rate

The EAJA provides that "attorney fees shall not be awarded in excess of

$125 per hour unless the court determines that an increase in the cost of living

[from March 1996] justifies a higher fee."  28 U.S.C. 2412(d)(2)(A)(ii); United

States v. Aisenberg, 358 F.3d 1327, 1342 (11th Cir. 2004).  In this case, the parties

agree that a cost of living increase justifies a higher fee proportional to the increase

in the Consumer Price Index ("CPI"), a monthly calculation of the prices paid by

urban consumers for a representative basket of goods and services.  See United

States Department of Labor, Bureau of Labor Statistics, *Consumer Price Index*,

http://www.bls.gov/cpi/.  The Commissioner does not contest the hourly rate used

by Plaintiff to calculate her fee request.  Applying the hourly rate to the 36 hours

the Court determines is reasonable in this case, the Court concludes that attorney's

_____

[2]   See, e.g., Brooks v. Barnhart, No. 04-2526-CM, 2006 WL 3027975, at *2
(D. Kan. Sept. 25, 2006) (stating that number of attorney hours typically expended
in social security cases is between thirty and forty); San Filippo v. Sec'y of Health
& Human Serv., 564 F. Supp. 173, 177 (E.D.N.Y. 1983) (approving 41 hours).

fees should be awarded in the amount of $6,211.80.[3]

### C.    Administration Fees

The Court does not allow fees for all of the "Administrative Time" claimed by Plaintiff's counsel, including the hours she claims spending to review "federal forms" and to perform a "Federal Debt Check."  Based on the descriptions of the other administrative services performed, the Court approves 2.4 hours for administrative services, an amount the Court determines, based on its experience in reviewing bills for legal services, is reasonable under the circumstances here.  The Court approves these services to be compensated at a rate of $80.00 per hour, which is reasonable in this award locality, for total administration fees of $192.00.[4]

### D.    Payment of EAJA Fees

In her declaration, but not her motion, Plaintiff's counsel has requested that any awarded EAJA fees be paid directly to her, rather than to Plaintiff [18 at 1].  The Supreme Court recently held in Astrue v. Ratliff that the prevailing party, not

---

[3]  The Court notes that Plaintiff's counsel claimed .2 hours to prepare her pro hac vice application and another .1 to review the online order granting her pro hac vice status.  These entries along with her claim of 3.8 hours of administrative time show only 3.6 hours are recorded, evidence that the hours claimed were not claimed carefully.

[4]  The cost of $15.00 to serve the summons and complaint is not contested and thus is allowed.

the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses. Astrue v. Ratliff, ___ U.S.___, 130 S. Ct. 2521, 2526-27 (2010) (citing 28 U.S.C. § 2412(d)(1), (d)(2)(A)); see also Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1509-11 (11th Cir. 1988) (awarding EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA). The Eleventh Circuit in Reeves v. Astrue reaffirmed that the plaintiff, not the plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA. Reeves v. Astrue, 526 F.3d 732, 736 (11th Cir. 2008). The Reeves court stated that the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." Id.

The Supreme Court in Ratliff acknowledged that until 2006, the government "frequently paid EAJA fees in social security cases directly to attorneys"; however, since 2006, the government has continued the direct payment practice "only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." Ratliff, 130 S. Ct. at 2528-29 (internal

quotation marks omitted).[5]  In light of <u>Ratliff</u>, the Court determines that the award of EAJA fees is required to be made to Plaintiff as the prevailing party and that the award shall be in the form of a check payable to Plaintiff, as payee.  The check shall be sent to Plaintiff's counsel for delivery to Plaintiff.  The check will be in the total amount of $6,418.80.

## II.     CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [18] is **GRANTED** and Defendant is **DIRECTED** to transmit to counsel for Plaintiff a check in the amount of $6,418.80, payable to Plaintiff, as payee.

---

[5]   The rulings in <u>Ratliff</u> and <u>Reeves</u> both support that an award of EAJA attorney's fees may be offset by the government where the plaintiff owes a pre-existing debt to the United States.  <u>See Ratliff</u>, 130 S. Ct. at 2524 (discussing government's authority to use administrative offsets); <u>Reeves</u>, 526 F.3d at 732 n.3 (finding that the EAJA attorney fee award was subject to the plaintiff's debt under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a)); <u>see also</u> 31 C.F.R. § 285.5 (detailing the centralized offset of federal payments to collect nontax debts owed to the United States).  An offset is not at issue in this matter.

**SO ORDERED** this 24th day of January, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE